

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10                         **EASTERN DIVISION**
11
12   RUDY JAQUEZ,                    )    No.  ED CV 21-756-JWH (PLA)
                                     )
13                 Plaintiff,        )
                                     )
14        v.                         )    **ORDER DISMISSING FIRST AMENDED**
                                     )    **COMPLAINT WITH LEAVE TO AMEND**
15   COUNTY OF SAN BERNARDINO, *et al.*, )
                                     )
16                 Defendants.       )
                                     )
17   ─────────────────────────────────)
18        Plaintiff, who appears to be a detainee being held at the West Valley Detention Center
19   ("WVDC") in Rancho Cucamonga, California, filed a *pro se* civil rights action pursuant to 42 U.S.C.
20   § 1983 on April 23, 2021.  (ECF No. 1).  Plaintiff subsequently was granted leave to proceed
21   without prepayment of the filing fees. (ECF Nos. 8-9).  Plaintiff's Complaint named as defendants
22   the County of San Bernardino and Deputy Sheriff Munoz in his official and individual capacities.
23   (ECF No. 1 at 1, 3).  Plaintiff appeared to be raising one claim arising from an incident on October
24   11, 2020, when Deputy Munoz "grabbed" plaintiff while plaintiff was handcuffed, "pulled [plaintiff]
25   to the ground," and "punched [plaintiff] at least once in [his] face."  (*Id.* at 3, 5).  Plaintiff sought
26   monetary compensation and to have Deputy Munoz "fired."  (*Id.* at 6).
27        In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the
28   Court screened the Complaint to determine whether the action is frivolous or malicious; or fails to

state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c).  After careful review of the Complaint, the Court found that plaintiff's allegations failed to state a short and plain statement of any claim and appeared insufficient to state a federal civil rights claim against any defendant.  Accordingly, the Complaint was dismissed with leave to amend.  Plaintiff was ordered, if he desired to pursue this action, to file a First Amended Complaint no later than July 22, 2021, remedying the deficiencies discussed in the Court's Order Dismissing Complaint with Leave to Amend.  (ECF No. 10; "First Order Dismissing").  Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of this pleading, then the Court would recommend that the action be dismissed without further leave to amend and with prejudice.  (*Id.* at 3, 10).

On July 19, 2021, plaintiff filed a First Amended Complaint (ECF No. 11), but he failed to sign and date the pleading.  Plaintiff was ordered to submit a signed and dated pleading.  (ECF No. 12).  On August 6, 2021, plaintiff filed a revised version of his First Amended Complaint.  (ECF No. 15; "FAC").  In the FAC, plaintiff names only Deputy Sheriff Munoz as a defendant, but plaintiff again names the deputy in his official and individual capacities.  (*Id.* at 3).  Plaintiff purports to raise one claim in the FAC, but within this claim, plaintiff references his "right to be free from cruel and unusual punishment," battery, and his "right to be treated equally."  (*Id.* at 5).  In the FAC, plaintiff seeks damages and to have Deputy Munoz "fired from working as a deputy sheriff."  (*Id.* at 6).

The Court has now screened the FAC to determine whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c).  The Court's screening of the pleading under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory.  <u>See</u>, <u>e.g.</u>, <u>Kwan v. SanMedica Int'l</u>, 854 F.3d 1088, 1093 (9th Cir. 2017); <u>see also</u> <u>Rosati v. Igbinoso</u>, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether

1    a complaint should be dismissed for failure to state a claim under the [PLRA], we apply the familiar

2    standard of Fed. R. Civ. P. 12(b)(6).").  Further, with respect to a plaintiff's pleading burden, the

3    Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

4    to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

5    a cause of action will not do. … Factual allegations must be enough to raise a right to relief above

6    the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167

7    L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal,

8    556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to

9    state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

10   to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual

11   content that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged." (internal citation omitted)).

13          Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading

14   liberally and must afford plaintiff the benefit of any doubt.  See Hebbe v. Pliler, 627 F.3d 338, 342

15   (9th Cir. 2010).  Further, it is particularly important in a civil rights case filed by a *pro se* litigant to

16   attempt to ascertain plaintiff's claims to protect his or her access to the courts.  See Blaisdell v.

17   Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir.

18   2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation

19   and meaningful access to the courts").  In addition, the Court may not dismiss a claim because

20   a *pro se* litigant has set forth an incomplete "legal theory supporting the claim" alleged.  See

21   Johnson v. City of Shelby, 574 U.S. 10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014).  Finally, in

22   determining whether a complaint states a claim to relief that is plausible on its face, factual

23   allegations are accepted as true and construed in the light most favorable to plaintiff.  See, e.g.,

24   Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018).  However, the "tenet that a court must

25   accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

26   Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a

27   court discounts conclusory statements, which are not entitled to the presumption of truth, before

28   determining whether a claim is plausible").  Nor is the Court "bound to accept as true a legal

1  conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me

2  accusation."  Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and

3  citations omitted).

4        After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's

5  allegations once again fail to state a short and plain statement of any claim and appear insufficient

6  to state a federal civil rights claim against the defendant.  Accordingly, the FAC is dismissed with

7  leave to amend.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (a "*pro se* litigant must

8  be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of

9  the complaint cannot be cured by amendment" (internal quotation marks omitted)).

10       **If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended**

11 **Complaint no later than November 4, 2021, remedying the deficiencies discussed below.**

12 **Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint**

13 **or fails to remedy the deficiencies of this pleading, then the Court will recommend that the**

14 **action be dismissed without further leave to amend and with prejudice.**[1]

15

16 **A.     FEDERAL RULE OF CIVIL PROCEDURE 8 ("RULE 8")**

17       Plaintiff's FAC fails to comply with Rule 8(a) and Rule 8(d).  Rule 8(a) states:

18       A pleading that states a claim for relief must contain:  (1) a short and plain statement
         of the grounds for the court's jurisdiction, unless the court already has jurisdiction
19       and the claim needs no new jurisdictional support; (2) **a short and plain statement**
         **of the claim showing that the pleader is entitled to relief**; and (3) a demand for
20       the relief sought, which may include relief in the alternative or different types of
         relief.

21

22

_____

23       [1]     Plaintiff is advised that this Court's determination herein that the allegations in the First
   Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive*
24 of that claim.  Accordingly, while this Court believes that you have failed to plead sufficient factual
   matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you
25 are not required to omit any claim or defendant in order to pursue this action.  However, if you
   decide to pursue a claim in a Second Amended Complaint that this Court has found to be
26 insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit
   to the assigned district judge a recommendation that such claim be dismissed with prejudice for
27 failure to state a claim, subject to your right at that time to file Objections with the district judge as
   provided in the Local Rules Governing Duties of Magistrate Judges.
28

1   Fed. Rule Civ. P. 8(a) (emphasis added).  Additionally, Rule 8(d)(1) provides: "Each allegation

2   **must be simple, concise, and direct**.  No technical form is required."  (Emphasis added).

3   Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless

4   must allege a minimum factual and legal basis for each claim that is sufficient to give each

5   defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  See,

6   e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932

7   F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims against

8   them").  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide

9   defendants with notice of which defendant is being sued on which theory and what relief is being

10  sought against them, the complaint fails to comply with Rule 8.  See, e.g., McHenry v. Renne, 84

11  F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.

12  1981).  A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly

13  [the] events" that entitle him to damages.  Johnson, 574 U.S. at 12.  Moreover, failure to comply

14  with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the

15  claims in a complaint are not found to be wholly without merit.  See McHenry, 84 F.3d at 1179.

16          First, it remains unclear what or how many civil rights claims plaintiff is attempting to allege

17  in this action.  The FAC indicates that plaintiff is raising one claim, and plaintiff alleges that the

18  defendant violated his "right to be free from cruel and unusual punishment by committing battery."

19  (ECF No. 15 at 5).  Within this same claim, however, plaintiff additionally alleges that Deputy

20  Munoz violated plaintiff's "right to be treated equally."  (*Id.*).  Plaintiff also alleges that unidentified

21  individuals "roughly" cuffed plaintiff "to the rear," yanked plaintiff to his feet, and "roughly escorted"

22  plaintiff "back to [his] housing unit."  Plaintiff also alleges that he suffered difficulty breathing

23  because he "was in so much fear."  (*Id.*).  It is not clear if Deputy Munoz is alleged to have taken

24  all of these actions, if plaintiff is purporting to raise any claim against any official arising from the

25  rough treatment, or if plaintiff is purporting to raise a claim arising from any medical issues.  Nor

26  does the FAC set forth any facts supporting plaintiff's allegation that Deputy Munoz violated

27  plaintiff's "right to be treated equally."  (*Id.*).  A pleading that merely alleges "naked assertion[s]

28  devoid of further factual enhancement" is insufficient to comply with Rule 8.  Iqbal, 556 U.S. at 678

1    (alteration in original, internal quotation marks omitted).  To the extent that plaintiff is purporting

2    to raise any claims concerning his treatment while detained at the WVDC apart from what appears

3    to be a single incident of the alleged use of excessive force by Deputy Munoz, plaintiff's FAC does

4    not comply with Rule 8 because it does not set forth "simply, concisely, and directly [the] events"

5    that plaintiff believes entitle him to relief from any defendant.  See Johnson, 574 U.S. at 12.

6    Further, because it is not clear from the very limited factual allegations in the FAC what actions

7    the only named defendant is alleged to have taken that plaintiff is alleging violated his

8    constitutional rights, the FAC fails to provide Deputy Munoz with fair notice of what actions he is

9    being sued for under what legal theory.

10          Plaintiff once again is admonished that, for each federal civil rights claim he wishes to raise

11   against a specific defendant, plaintiff must allege that a specific defendant, acting under color of

12   state law, deprived him of a right guaranteed under the United States Constitution or a federal

13   statute.  See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  "A person

14   deprives another 'of a constitutional right, within the meaning of section 1983, if he does an

15   affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

16   legally required to do that **causes** the deprivation of which [the plaintiff complains].'"  Leer v.

17   Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

18   1978)) (emphasis and alteration in original).  As the Supreme Court has made clear, in order to

19   state a claim against an individual defendant, plaintiff must allege sufficient factual allegations

20   against that defendant to nudge each claim plaintiff wishes to raise "across the line from

21   conceivable to plausible."  See Twombly, 550 U.S. at 570.  Here, to the extent that plaintiff wishes

22   to raise one or more claims arising from the use of excessive force against Deputy Munoz in his

23   individual capacity, as set forth below, plaintiff should allege facts showing that Deputy Munoz

24   purposely or knowingly used force against plaintiff that was "objectively unreasonable" under the

25   circumstances surrounding the incident.  Plaintiff's FAC fails to include sufficient factual allegations

26   showing what actions taken by the Deputy at which time *caused* plaintiff to suffer a constitutional

27   deprivation.  Accordingly, the FAC fails to allege "simply, concisely, and directly [the] events" that

28   entitle him to damages.  Johnson, 574 U.S. at 12.

1       Second, plaintiff once again names Deputy Munoz in his official capacity.  As the Court

2   previously admonished plaintiff, the Supreme Court has held that an "official-capacity suit is, in all

3   respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473

4   U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Such a suit "is **not** a suit against the

5   official personally, for the real party in interest is the entity."  Id. at 166 (emphasis in original).

6   Accordingly, plaintiff's claims against Deputy Munoz in his official capacity are the same as a claim

7   against his employer.  To the extent that plaintiff is purporting to state any federal civil rights claims

8   against Deputy Munoz in his official capacity or against the County of San Bernardino ("County")

9   pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611

10  (1978), the Supreme Court in Monell held that "a local government may not be sued under § 1983

11  for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a

12  government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

13  may fairly be said to represent official policy, inflicts the injury that the government as an entity is

14  responsible under § 1983."  Monell, 436 U.S. at 694; see also Connick v. Thompson, 563 U.S. 51,

15  60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ("under § 1983, local governments are responsible

16  only for their **own** illegal acts" (emphasis in original, internal quotation marks omitted)).  In order

17  to state a claim arising from the execution of a local entity's policy or custom, a plaintiff must set

18  forth factual allegations to show that the execution of a specific policy, regulation, custom or the

19  like was the "actionable cause" of any alleged constitutional violation.  See, e.g., Tsao v. Desert

20  Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at

21  issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for

22  and proximate causation").  Moreover, a Monell claim may not be premised on an isolated or

23  sporadic incident.  See, e.g., Gant v. Cnty. of L.A., 772 F.3d 608, 618 (9th Cir. 2014) (a plaintiff

24  does not establish liability under Monell without showing that "a single incident of unconstitutional

25  actively" was more than an "isolated or sporadic" incident); Trevino v. Gates, 99 F.3d 911, 918 (9th

26  Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents;

27  it must be founded upon practices of sufficient duration, frequency and consistency that the

28  conduct has become a traditional method of carrying out policy.").

1           Here, plaintiff's FAC fails to include any factual allegations showing that the execution of

2    a specific policy, practice, or custom of the County was the "actionable cause" of a constitutional

3    injury.  Further, to the extent that the Court can discern plaintiff's claim or claims, it appears that

4    the alleged deprivation(s) arises from a single incident, which does not appear to have been

5    *caused* by a specific policy, practice, or custom of the County.  In the "Request for Relief" portion

6    of the FAC,  plaintiff references a "District Court Case" from 2016 that allegedly involved an

7    unspecified allegation of excessive force and the San Bernardino Sheriff's Department. (ECF No.

8    15 at 6).  However, plaintiff fails to allege any specific facts in his FAC that show that his claim or

9    claims against Deputy Munoz are related in any way to the claims raised in the case plaintiff

10   references that was filed several years earlier.  Moreover, even if plaintiff were to allege some

11   facts showing that the two incidents were similar, one other incident that was separated in time

12   by several years cannot show a pattern.  Because the alleged use of excessive force by Deputy

13   Munoz is an isolated incident, plaintiff's factual allegations are insufficient to raise a reasonable

14   inference that any injury he suffered was *caused* by the execution of a practice, policy, or custom

15   of the County.  Accordingly, plaintiff's factual allegations fail to raise a claim to relief that is

16   plausible on its face against Deputy Munoz in his official capacity.

17          The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the

18   allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  Further, the

19   Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal

20   theory to support the claim alleged.  See Johnson, 574 U.S. at 11.  That said, the Supreme Court

21   has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."

22   Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809

23   F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants").  Here, plaintiff

24   fails to set forth specific factual allegations supporting any plausible federal civil rights claim

25   against any named defendant.

26          Accordingly, the Court finds that the pleading once again fails to comply with Rule 8 and

27   fails to set forth a "short and plain statement" showing the factual basis for any federal civil rights

28   claim against any defendant.  The Court will provide plaintiff with an additional opportunity to

1    amend his claims.  If plaintiff wishes to proceed on any federal civil rights claim against any

2    defendant in this action, then he must set forth a simple, concise, and direct statement of the

3    events that he alleges entitle him to damages from each named defendant.

4

5    **B.    FOURTEENTH AMENDMENT CLAIM**

6          In his FAC, plaintiff now alleges that the incident with Deputy Munoz occurred on October

7    22, 2020 (ECF No. 15 at 3) "in the booking area of WVDC," and that plaintiff then was "escorted

8    back to [his] housing unit" (*id.* at 5).   Plaintiff does not allege any facts concerning the

9    circumstances of the incident apart from his allegation that he "was handcuffed to the front," and

10   that he "got into an argument with" Deputy Munoz.  (*Id.*)  In the Court's First Order Dismissing,

11   plaintiff was apprised that it was not clear from the Complaint if he was a pretrial detainee at the

12   time of the alleged incident.  (ECF No. 10 at 8).

13         Because plaintiff once again has failed to allege his status at the relevant time, the Court

14   will assume that  he was a pretrial detainee.  Accordingly, any claim for the use of excessive force

15   arises under the Fourteenth Amendment's Due Process Clause.  Kingsley v. Hendrickson, 576

16   U.S. 389, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) ("We have said that the Due Process

17   Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."

18   (internal quotation marks omitted)); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1069-70 (9th

19   Cir. 2016) (en banc) (applying the Fourteenth Amendment's "objective standard" set forth in

20   Kingsley to a pretrial detainee's failure-to-protect claim).  In order to state such a claim, a pretrial

21   detainee must allege that a defendant purposely or knowingly used force against him that was

22   "objectively unreasonable" from the perspective of a reasonable officer under the circumstances

23   surrounding the incident.  See Kingsley, 576 U.S. at 396-97; see also Gordon v. Cnty. of Orange,

24   888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018); McFarlin v. Penzone, 2021 WL 872145 (9th Cir.

25   Mar. 9, 2021) (to state a Fourteenth Amendment claim for the excessive use of force, a pretrial

26   detainee must show that the "force purposely or knowingly used against him was objectively

27   unreasonable" from the "perspective of a reasonable officer on the scene," accounting for the

28   state's legitimate security interest in managing the facility) (now citable for its persuasive value

1  pursuant to Ninth Circuit Rule 36-3).

2  Here, plaintiff alleges that he "got into an argument with" Deputy Munoz while plaintiff was
3  handcuffed.  "During the argument Deputy Munoz slammed [plaintiff] to the ground."  Deputy
4  Munoz also is alleged to have "punched [plaintiff] in the right side of the head."  (ECF No. 15 at
5  5).  Plaintiff, however, does not allege the topic of the "argument," why he was in handcuffs, or
6  whether any other Sheriff's Department official was involved in the incident.  Plaintiff additionally
7  alleges that he was "scared for [his] safety," that his "vison was blurry," and that he "was in pain
8  in [his] head, wrist, and chest." (*Id.*).  Plaintiff does not allege any facts to support a reasonable
9  inference that he had cause to be "in fear that [he] was going to be severely beaten."  (*Id.*).
10 Further, although plaintiff seeks damages for "future medical bills" (*id.* at 6), he does not allege
11 that he suffered any injury that was caused by the actions of Deputy Munoz.

12 Because plaintiff fails to set forth factual allegations concerning what actions Deputy Munoz
13 took at which time under what circumstances, plaintiff's factual allegations fail to sufficiently allege
14 that Deputy Munoz purposely or knowingly used force, or that Deputy Munoz' purposeful use of
15 force was "objectively unreasonable" from the perspective of a reasonable officer under the
16 circumstances surrounding the incident. See Kingsley, 576 U.S. at 396-97.  In order to determine
17 if the factual allegations in the pleading are sufficient to raise more than a sheer possibility that
18 Deputy Munoz acted unlawfully, the Court must evaluate factors such as:  the relationship
19 between the need for the use of force and the amount of force used; the extent of the plaintiff's
20 injury; the severity of the security issue; whether the plaintiff was actively resisting; and the
21 WVDC's legitimate interests in maintaining order and security. See Kingsley, 576 U.S. at 397-400;
22 Iqbal, 556 U.S. at 678.  Here, in the absence of factual allegations concerning the circumstances
23 surrounding the incident during which Deputy Munoz allegedly used force that was objectively
24 unreasonable, plaintiff's FAC fails to state a plausible claim that Deputy Munoz violated plaintiff's
25 Fourteenth Amendment rights.

26 As the Supreme Court has made clear, in order to state a claim against an individual
27 defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each
28 claim "across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.  Discounting

plaintiff's conclusory allegations that are unsupported by specific underlying facts, plaintiff's bald allegation concerning a single punch to his head following a verbal dispute with a Sheriff's Deputy while plaintiff was being held at the WVDC fails to give rise to a plausible federal civil rights claim. See Iqbal, 556 U.S. at 681; Chavez, 683 F.3d at 1108.  If plaintiff wishes to proceed on any federal civil rights claim arising from this incident, then plaintiff should set forth a short and plain statement of the events leading to each of his claims against each named defendant who plaintiff alleges purposely or knowingly used force that was objectively unreasonable under the specific circumstances of the incident.

*   *   *

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with another opportunity to amend.  Based on the above deficiencies, plaintiff's First Amended Complaint is **dismissed with leave to amend**.  If plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint **no later than November 5, 2021**, remedying the deficiencies discussed herein.  **Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of his pleading as discussed herein, then the Court will recommend that the action be dismissed without further leave to amend and with prejudice.**

The Second Amended Complaint must bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and clearly and concisely reference the factual allegations that are relevant to each claim.  Further, if plaintiff chooses to proceed with this action, then plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary

1   dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is

2   directed to attach a Notice of Dismissal form for plaintiff's convenience.

3       **IT IS SO ORDERED.**

4

5   DATED: October 6, 2021

6                                     PAUL L. ABRAMS
                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28